The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MARTIN A. JONES,

Petitioner,

v.

JEFFREY UTTECHT,

Respondent.

NO. 22-cv-5371

**ORDER ADOPTING REPORT AND RECOMMENDATION**

## I. INTRODUCTION

This matter comes before the Court on the Report and Recommendation ("R&R") of United States Magistrate Judge David W. Christel regarding Martin A. Jones' federal habeas petition, filed pursuant to 28 U.S.C. § 2254, seeking relief from his state court conviction and sentence. *See* R&R, ECF No. 13. Judge Christel recommends that the petition be denied and a certificate of appealability not be issued, and Mr. Jones has filed objections. After careful consideration of Mr. Jones' amended petition for writ of habeas corpus, ECF No. No. 7, the R&R, ECF No. 13, the objections thereto, ECF No. 15, the State's response, ECF No. 16, the relevant legal authority, and the record of the case, the Court adopts the R&R and denies Petitioner's petition. The reasoning for the Court's decision follows.

## II. BACKGROUND

The Report and Recommendation provides a thorough background of this case, which the Court does not repeat here. Briefly summarized, in February 2010, Washington State Patrol Trooper Scott Johnson was shot while attempting to impound a vehicle owned by Mr. Jones and his wife. Trooper Johnson recovered and later identified Mr. Jones as the shooter. In February 2011, a jury found Mr. Jones guilty of attempted murder in the first degree. Mr. Jones challenged his conviction and sentence, and ultimately, the state court of appeals issued a certificate of finality on June 2, 2022. Mr. Jones filed the pending habeas corpus petition, raising four grounds for relief. Judge Christel reviewed each of the four grounds in detail in the R&R and concluded that Mr. Jones has not shown that the state courts' adjudication of Grounds 1-3 was contrary to, nor an unreasonable application of, clearly established federal law. He further found that Ground 4 is not cognizable under § 2254. Mr. Jones has filed objections and asks the Court to reject the R&R as to the first two grounds: (1) the State's reliance on a highly suggestive and unreliable identification procedure; and (2) the trial court's exclusion of "critical evidence" during the trial proceedings. Objs. 2, ECF No. 15; R&R 7-16, 17-21. Mr. Jones contends that the Magistrate Judge inappropriately deferred to the conclusions of the Washington Court of Appeals by failing to recognize that the state appellate court's rulings were contrary to United States Supreme Court precedent, and because many of the critical factual findings were not supported by substantial evidence. Objs. 1-2.

## III. STANDARD OF REVIEW

A district court has jurisdiction to review a Magistrate Judge's report and recommendation on dispositive matters. *See* Fed. R. Civ. P. 72(b). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). The Court reviews *de novo* those portions of the report and recommendation to which specific written

objection is made. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*); Fed. R. Civ. P. 72(b).

**IV. DISCUSSION**

Petitioner has submitted specific written objections and asks the Court to reject the R&R as to Claims 1 and 2. Accordingly, the Court will review the portions of the R&R related to these two claims *de novo*. Importantly, however, there are several limits on the power of a federal court to grant a habeas petition under the circumstances present here. A habeas petition by a person in custody pursuant to a state court judgment

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). Further, the State court's findings of fact are presumed to be correct and are rebuttable only by clear and convincing evidence. *Id.* § 2254 (e)(1).

"This is a difficult to meet, and highly deferential standard for evaluating state-court rulings, which demands that state-court decisions be given the benefit of the doubt." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) (citations omitted). When reviewing state court decisions, the Court is "limited to the record that was before the state court that adjudicated the claim on the merits." *Id.* at 180–81. "[T]he *only* definitive source of clearly established federal law . . . is the holdings (as opposed to the dicta) of the Supreme Court as of the time of the state court decision." *Hedlund v. Ryan*, 854 F.3d 557, 565 (9th Cir. 2017) (citation omitted). "If Supreme Court 'cases give no clear

answer to the question presented, . . . it cannot be said that the state court unreasonably applied clearly established Federal law.'" *Id.* at 565–66 (quoting *Wright v. Van Patten*, 552 U.S. 120, 126 (2008)). When a petitioner challenges a state court's application of clearly established federal law, the federal court decides only whether the law was applied reasonably, not whether it was applied correctly. *Id.* at 566. "[E]ven a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Walker v. Martel*, 709 F.3d 925, 939 (9th Cir. 2013) (*Harrington v. Richter*, 562 U.S. 86, 102 (2011)). The reviewing court may not "treat[ ] the unreasonableness question as a test of its confidence in the result it would reach under *de novo* review." *Harrington*, 562 U.S. at 102.

**A. Claim 1 – Suggestive Identification Procedure**

Mr. Jones contends that the State's evidence against him hinged largely upon Trooper Johnson's in-court identification of him as the assailant, but he asserts that the identification should have been suppressed because it was the product of highly suggestive and unreliable identification procedures. Objs. 3. He argues that the stipulation of facts presented to the state judge ruling on the suppression motion demonstrated that Trooper Johnson was predisposed to conclude that Mr. Jones was the assailant. *Id.* at 3-5; Stip. Facts, Ex. A, ECF No. 15-1).

The last reasoned decision[1] from the state court is that of the Washington Court of Appeals on June 4, 2013. *State v. Jones*, 175 Wn. App. 87, 108 (2013), *aff'd in part, rev'd in part*, 185 Wn.2d 412 (2016).[2] The state court of appeals concluded that although the photo identifications

[1] *See Shackleford v. Hubbard*, 234 F.3d 1072, 1079 n.2 (9th Cir. 2000) (citing *Ylst v. Nunnemake*r, 501 U.S. 797, 803–04 (1991)).

[2] The Washington Supreme Court, *en banc*, reviewed an appeal on other grounds related to the selection of alternate jurors. *State v. Jones*, 185 Wn.2d 412 (2016). The Court held that the random drawing to designate alternate jurors during a court recess did not violate Mr. Jones' right to a public trial. *Id.*

employed by law enforcement in this case were impermissibly suggestive, Mr. Jones' due process rights were not violated when the trial court permitted evidence of Trooper Johnson's eyewitness identification. *Id.* The state court cited the relevant precedent of the United States Supreme Court in *Manson v. Brathwaite*, 432 U.S. 98, 113–14 (1977) and *Neil v. Biggers*, 409 U.S. 188, 199–200 (1972), which provide several factors to determine an identification's reliability. Mr. Jones argues that the state court did not analyze those factors before concluding that the identification in this case was reliable enough to be given to the jury. Objs. 7.

The factors to be considered include

> the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of his prior description of the criminal, the level of certainty demonstrated at the confrontation, and the time between the crime and the confrontation. Against these factors is to be weighed the corrupting effect of the suggestive identification itself.

*Brathwaite*, 432 U.S. at 114 (citing *Biggers*, 409 U.S. at 199-200). Here, the state court of appeals found that the trial court had carefully weighed each of these factors based on the parties' stipulated facts. *Jones*, 175 Wn. App. at 108. The appellate court held that the trial court did not abuse its discretion when it denied Mr. Jones' motion to suppress. *See id.* ("The trial court permitted evidence of Trooper Johnson's eyewitness identification, noting that any defects in the evidence go to the evidence's weight, not its admissibility. . . leaving for the jury the question of how much credence such evidence deserved.").

With regard to the factors, the trial court found that Trooper Johnson's opportunity to view had been satisfied. ECF No. 12-7 at 436 (noting that Trooper Johnson had an opportunity and spoke face-to-face as well as from the profile). The trial court found that Trooper Johnson's degree of attention, the accuracy of the description prior to viewing the photo, the level of certainty

demonstrated by Trooper Johnson, and the time between the crime and confrontation also supported the reliability of the identification. *Id.* at 436–37. In weighing the circumstances, the trial court found that "the substantial likelihood of irreparable misidentification is not present." *Id.* The Court notes that in addition to analyzing the reliability factors, the trial court also granted Mr. Jones' motion to allow his identification expert to testify regarding the eyewitness identification procedures and their reliability. *See* ECF No. 12-7 at 435–43.

Based on the record before the Court, and the highly deferential standard that this Court applies to state court decisions in a habeas review, the Court cannot agree with Mr. Jones that the state court's factual and legal determinations were not supported by the underlying record or that the state court's decision was objectively unreasonable. Nor does the Court agree that the Washington Court of Appeals "announced a new rule" to the effect that the identification was "best left to the jury." *See* Objs. 11. The state court quoted the United States Supreme Court in *Brathwaite* when it stated that the reliability of eyewitness identification was "best left to the jury." 174 Wn. App. at 108 (quoting 432 U.S. at 116).

Accordingly, Petitioner's objections to the R&R on Claim 1 are overruled, and the Court will adopt the well-reasoned decision in the R&R on this claim.

**B. Claim 2 – Exclusion of Defense Evidence**

Mr. Jones contends that the state court deprived him of the right to present the defense that someone else may have committed the crime by excluding Trooper Green's observation of a pedestrian at the site of the shooting. Objs. 14 (citing *Chambers v. Mississippi*, 410 U.S. 284, 302-03 (1973)). The trial court "ruled that Trooper Greene could not testify about seeing another individual unless the defendant was able to show the necessary foundation connecting another suspect to the shooting." 175 Wn. App. at 108. As discussed by the state court of appeals, under

Washington law, "[w]hen there is no other evidence tending to connect another person with the crime, such as his bad character, his means or opportunity to commit the crime, or even his conviction of the crime, such other evidence is irrelevant to exculpate the accused." *Id.* (quoting *State v. Thomas*, 150 Wn.2d 821, 857 (2004) (*en banc*)).

Mr. Jones argues that the Magistrate Judge did not follow proper Supreme Court precedent established in *Chambers* and in *Crane v. Kentucky*, 476 U.S. 683, 690 (1986). Objs. 14–15. He asserts that the exclusion of evidence of potential third-party culpability deprived him of a fair trial. *Id.* at 14 (citing as an example the exclusion of a third-party confession violating due process in *Chambers*). The Supreme Court has described its holding in *Chambers* as follows:

> the holding of Chambers—if one can be discerned from such a fact-intensive case—is certainly not that a defendant is denied "a fair opportunity to defend against the State's accusations" whenever "critical evidence" favorable to him is excluded, but rather that erroneous evidentiary rulings can, in combination, rise to the level of a due process violation.

*Montana v. Egelhoff*, 518 U.S. 37, 53 (1996). The Court also clarified its holding in *Crane*:

> Our holding that the exclusion of certain evidence in that case violated the defendant's constitutional rights rested not on a theory that all "competent, reliable evidence" must be admitted, but rather on the ground that the Supreme Court of Kentucky's sole rationale for the exclusion (that the evidence "did not relate to the credibility of the confession," *Crane v. Commonwealth*, 690 S.W.2d 753, 755 (1985)) was wrong. *See* 476 U.S., at 687, 106 S. Ct., at 2144–2145. *Crane* does nothing to undermine the principle that the introduction of relevant evidence can be limited by the State for a "valid" reason.

*Id.* Certainly, "the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *Crane*, 476 U.S. at 690. But the Supreme Court has also recognized that "state and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials." *Holmes v. South Carolina*, 547 U.S. 319, 324 (2006) (quoting *United*

*States v. Scheffer*, 523 U.S. 303, 308 (1998)). Of course, the state rule of evidence must be rational. *Nevada v. Jackson*, 569 U.S. 505, 509 (2013). In *Holmes*, the Supreme Court specifically noted its approval of state rules limiting other suspect evidence when the evidence fails to "sufficiently connect the other person to the crime," such as where the evidence is "speculative or remote, or does not tend to prove or disprove a material fact." 547 U.S. at 327.

Mr. Jones does not argue that the state rule of evidence is not rational, but rather that the proffered evidence was excluded with little explanation. Objs. 16. However, the state court of appeals explained:

> Jones's proposed presentation of Trooper Greene's testimony would have shown only that when Trooper Greene stopped Susan Jones's car, Greene saw someone else on the street who may have had an opportunity to shoot Trooper Johnson. But 40 minutes elapsed between Trooper Greene's observation and the shooting. Thus, Trooper Greene's testimony would not demonstrate the required connection between the person Trooper Greene saw and the shooter, only that this other person walked by 40 minutes earlier. The trial court did not abuse its discretion by excluding Trooper Greene's observation of the unidentified pedestrian.

175 Wn. App. at 108. The record further reveals that the trial court heard proffers regarding Trooper Greene's testimony related to another potential suspect, considered the arguments, and held that the case law does not support other suspect evidence without something more specific than had been proffered. *See* ECF No. 12-7 at 398-413. Although Mr. Jones disagrees with the Magistrate Judge's analysis that there is no clearly established Supreme Court law for evaluating such exclusions, Objs. 15, he also does not provide any clearly established federal law to show that the state court's decision is contrary to United States Supreme Court precedent.

Under these circumstances, the Court finds that Mr. Jones has failed to demonstrate that the state court's decision was contrary to, or involved an unreasonable application of, clearly

established federal law, as determined by the United States Supreme Court. As a result, Mr. Jones is not entitled to habeas relief under 28 U.S.C. § 2254. His objections as to Claim 2 are overruled, and the Court adopts the R&R.

**C. Certificate of Appealability**

In the alternative, Mr. Jones asks the Court to issue a certificate of appealability as to Claims 1 and 2. Objs. 17-18. "A certificate of appealability may issue . . . only if the [petitioner] has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Buck v. Davis*, 580 U.S. 100, 115 (2017). Here, Mr. Jones' Objections to the R&R do not satisfy the standard set forth for appeal of claims adjudicated on the merits in state court, because they do not demonstrate that the adjudication in state court was (1) contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States, or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d). Mr. Jones has failed to make a substantial showing of the denial of his constitutional rights and is, therefore, not entitled to a certificate of appealability.

## V. CONCLUSION

For the foregoing reasons, the Court hereby ORDERS as follows:

1. The Court ADOPTS the Report and Recommendation, ECF No. 13;
2. Petitioner's amended petition for writ of habeas corpus is DENIED;
3. Petitioner's request for a certificate of appealability is DENIED; and
4. The Clerk is directed to send copies of this Order to the parties and to Judge Christel.

DATED this 24th day of July 2023.

Barbara Jacobs Rothstein
U.S. District Court Judge